UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE K-DUR ANTITRUST
LITIGATION

Civil Action No. 01-1652
(Consolidated Cases)
(Hon. Joseph A. Greenaway, Jr.)

CASE MANAGEMENT ORDER

These consolidated actions having come before the Court for a case management conference; and the Court having read and considered the various proposed case management orders submitted by counsel; and good cause appearing,

It is on this 11th day of December, 2001

ORDERED:

1) Any action filed after the date of this order in this Court, or transferred to this Court, arising out of the same facts, as alleged in the consolidated cases, shall be consolidated under Civil Action No. #01-1652. All papers filed in this action shall bear the caption "IN RE K-DUR ANTITRUST LITIGATION" with the above mentioned civil action number.

-2-

2) The terms of this order shall not have the effect of making any person, firm or corporation a party to any action in which he, she, or it has not been named, served or added in accord with the Federal Rules of Civil Procedure.

3) A Master Docket and a Master File shall be established for this and all cases subsequently filed in, or transferred to, this Court. Entries in the Master Docket shall be applicable to this Consolidated Action, as more fully set forth below. Separate dockets shall also be maintained for each related case subsequently filed in, or transferred to, this Court, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order or a future order of this Court.

4) When a pleading or other court paper is filed and the caption shows that it is to be applicable to "All Actions," the Clerk shall file such pleading, or other court paper, in the Master File and note such filing on the Master Docket. No further copies need be filed or docket entries made.

5) When a pleading, or other court paper, is filed and shows that it is applicable to fewer than all actions before this Court which are consolidated, the Clerk need file such pleading or other court paper only in the Master File, but nonetheless shall note such filing on both the Master Docket and on the docket of each such action.

-3-

6) When a case which relates to the subject matter of this Consolidated Action is hereafter filed in this Court or transferred here from another court, the Clerk of this Court shall:

- a) Make an appropriate entry on the Master Docket;
- b) Place a copy of this Order in the separate file for such action;
- c) Mail a copy of this Order to the attorney(s) for the Plaintiff(s) in the newly filed or transferred case and to the attorneys for any new defendant(s) in the newly filed or transferred case; and
- d) Mail a copy of the Order of assignment to counsel for Plaintiffs and to counsel for Defendants in the Consolidated Action.

7) This Court directs counsel to call to the attention of the Clerk of this Court the filing or transfer of any case which might properly be consolidated with these actions.

8) This Order shall apply to each case subsequently filed in this Court, or transferred to this Court, unless a party objecting to the consolidation of such case or to any other provision of this Order shall, within fifteen (15) days after the date upon which a copy of this Order is mailed to counsel for such party, file an application for relief from this

-4-

Order or any provision herein and this court deems it appropriate to grant such application.

9) When a pleading or other court paper is intended to be applicable to all actions, the words "All Actions" shall appear immediately beneath Judge Greenaway's name in the caption. When a pleading or other court paper is intended to be applicable only to one, or some, but not all of such actions, the party filing the document shall indicate the action(s) to which the document is intended to be applicable by indicating the last name of the named plaintiff(s) and the docket number(s).

10) The Court designates the following firms to act as Co-lead counsel on behalf of plaintiffs with the responsibilities described later in this order:

    A) For the Indirect Purchaser Class Cases:

        1) J. Douglas Richards, Esq. of Milberg, Weiss, Bershad, Hynes and Lerach.

        2) Michael Flannery, Esq. of Carey and Dennis.

        3) Eugene A. Spector, Esq. of Spector, Roseman and Kodroff.

        4) Linda P. Nussbaum, Esq. of Cohen, Milstein, Hausfield and Toll.

    B) For the Direct Purchaser Class Cases:

        1) Barry Taus, Esq. of Garwin, Bronzaft, Gerstein and Fisher.

-5-

C) For the Non-Class Pharmacy Purchasers:

1) Douglas Patton, Esq. of Dewsnup, King and Olsen.

11) Co-lead counsel for the respective groups discussed in Paragraph 10 above shall have sole authority over the following matters on behalf of all Plaintiffs in their respective cases: (a) the establishment of working committees for the efficient prosecution of the litigation and the appointment of chairpersons and members of such committees; (b) the initiation, response, scheduling, briefing and argument of all motions; (c) the scope, order and conduct of all discovery proceedings; (d) such work assignments to other Plaintiffs' counsel as they may deem appropriate; (e) the retention of experts; (f) designation of which attorneys may appear at hearings and conferences with the Court; (g) the timing and substance of any settlement negotiations with Defendants; and (h) other matters concerning the prosecution or resolution of their respective cases.

12) No motion shall be initiated or filed on behalf of any plaintiff except through co-lead counsel in those cases. Any discovery dispute shall be brought to the attention of Magistrate Judge Haneke by letter with five business days to respond. There are to be no formal discovery motions filed without prior permission of the Court.

13) Co-lead Counsel for the respective groups discussed in Paragraph 10 above shall have sole authority to communicate

-6-

with Defendant's counsel and the Court on behalf of all Plaintiffs in their respective cases, unless that authority is expressly delegated to other counsel in writing. Defendant's counsel may rely on all agreements made with Co-lead or designated Counsel, and such agreements shall be binding on all other Plaintiffs' counsel in their respective cases.

14) The Court appoints Allyn Z. Lite, Esq. to act as Liaison Counsel for Plaintiffs in all consolidated cases. Liaison Counsel shall be responsible for ensuring that orders of the Court are served on all Plaintiff's counsel in each case; communicating with the Court on behalf of all Plaintiff's counsel in each case as to scheduling matters; and for maintaining a master service list of all Plaintiffs and their respective counsel.

15) Defendants shall effect service of papers on Plaintiffs by serving a copy of the papers by overnight mail service, telecopy or hand delivery on: (a) Liaison Counsel; and (b) each Co-Lead Counsel for the respective groups discussed in Paragraph 10 above. Liaison counsel shall effect service on all other Plaintiffs' counsel by first class United States mail. Plaintiffs shall effect service of papers on Defendants by serving a copy of the paper by overnight mail service, telecopy or hand delivery on counsel for Defendants. This Court's Master Service List shall govern in all proceedings.

16) The Court directs all counsel in this Consolidated Action to make every effort to avoid duplication, inefficiency, and inconvenience to the Court, the parties, counsel, and witnesses. However, nothing in this order is intended to diminish the right of any counsel to be heard on matters that are not appropriate for joint or common action or as to which there is a genuine and substantial disagreement among counsel.

17) Each attorney not a member of the Bar of this Court, who is acting as counsel for a Plaintiff or Defendant herein and who is in good standing in any district court of the United States, shall be deemed admitted pro hac vice to practice before this Court in connection with these consolidated actions.

18) This Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation. Accordingly, the communication of information among and between Plaintiffs' counsel and among or between Defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the attorney work product privilege.

19) Plaintiffs shall serve their Consolidated Amended Class Action Complaint as to all claims brought by consumer and/or third party payor class plaintiffs within thirty (30) days of the date of this order, or 30 days after the transferee court issues an order indicating that it has received the files in the cases that are the subject of the transfer order, whichever is

later.  Defendants shall answer, move or otherwise plead within thirty (30) days after service of the Consolidated Amended Complaint.  No dispositive motion shall be filed without prior permission of the Court, which shall, after suitable consultation with counsel, establish the briefing schedule.

20) The parties shall meet and confer on the terms of a proposed stipulated protective order for the discovery of materials in the actions. Defendants shall forthwith begin to produce, on a rolling basis, all documents produced in the underlying patent litigations which were produced to the Federal Trade Commission (FTC) in response to investigative demands in the investigation of defendants for possible antitrust violations, in connection with the Complaint filed March 30, 2001 before the FTC (Docket No. 9297) and the settlement agreements in the underlying patent cases.  Until the entry of a protective order, the parties agree that documents produced by defendants may be reviewed only by attorneys of record, and not by experts, clients or others.  The meet and confer shall take place within forty-five days (45) after the transferee court issues an order indicating that it has received the files in the cases that are the subject of the transfer order, or within five (5) days of the service of the Consolidated Amended Complaint, whichever is later.

21)

    A) Within 90 days after the defendants respond to the consolidated amended complaint, plaintiffs shall submit to defense counsel their motion and supporting papers seeking class certification.  The Court, when notified that that motion has been received by defense counsel, shall schedule a prompt conference to discuss class discovery.

    B) If plaintiffs take the position that any discovery is required <u>prior to</u> the submission of the class certification motion, plaintiffs shall confer with defense counsel in an effort to agree on the scope and timing of any such discovery.  In the absence of such an agreement, counsel shall submit the dispute to Magistrate Judge Haneke for decision by informal letter application.

22) Plaintiffs have established a document depository for the efficient management of the documents produced in this litigation at the offices of Lite, DePalma, Greenberg & Rivas. Plaintiffs shall be solely responsible for all costs and expenses associated with the document depository.

23) Motions to remand shall be prepared and filed on the following schedule:

    1) Original motion papers shall be submitted to adversary counsel by December 30, 2001.

2) Responding papers shall be supplied by January 21, 2002.

3) Reply papers shall be supplied by January 31, 2002.

4) All papers shall then be submitted in a single package to the Court for filing by February 10, 2002.

5) Oral argument on the remand motions shall be heard before Magistrate Judge Haneke on March 11, 2002 commencing at 10:00 a.m.

JOSEPH A. GREENAWAY, JR.
UNITED STATES DISTRICT JUDGE