

**Donald E. Haviland, Jr.**
**KLINE & SPECTER**
1525 Locust Street
Philadelphia, PA 19102
215-772-1000
Attorneys for Plaintiff
  Commonwealth of Pennsylvania

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE K-DUR ANTITRUST LITIGATION : | Civil Action No. 01-1652 |
| : | (Consolidated Cases) |
| : | Hon. Joseph A. Greenaway, Jr. |
| : | |
| : | **Applicable to All Actions** |
| : | |
| : | **NOTICE OF PLAINTIFF** |
| : | **COMMONWEALTH OF** |
| : | **PENNSYLVANIA'S MOTION TO** |
| : | **CLARIFY AND/OR AMEND** |
| : | **CASE MANAGEMENT ORDER** |

TO:     Dan K. Webb, Esq.               John W. Nields, Jr., Esq.
        Robert Michels, Esq.            Diane E. Bieri, Esq.
        WINSTON & STRAWN                Sarah H. Garb, Esq.
        35 West Wacker Dr.              HOWREY SIMON ARNOLD &
        Chicago, IL 60601                  WHILE, LLP
                                        1299 Pennsylvania Avenue, NW
                                        Washington, DC 20004-2402

        Guy V. Amoresano, Esq.          Michael J. Flannery, Esq.
        Brian J. McMahon, Esq.          CAREY & DANIS, L.L.C.
        Jennifer Hradil, Esq.           8182 Maryland Avenue
        GIBBONS, DEL DEO, DOLAN,        Suite 1400
           GRIFFINGER & VECCHIONE       Saint Louis, MO 63105
        One Riverfront Plaza
        Newark, NJ 07102-5496

Peter J. Carney, Esq.
Christopher M. Curran, Esq.
Robert D. Paul, Esq.
WHITE & CASE
601 Thirteenth Street, NW
Suite 600 South
Washington, DC 20005-3807

J. Douglas Richards, Esq.
MILBERG WEISS BERSHAD
   HYNES & LERACH, L.L.P.
One Pennsylvania Plaza
New York, NY 10119

Eugene A. Spector, Esq.
SPECTOR, ROSE & KODROFF, P.C.
1818 Market Street
Suite 2500
Philadelphia, PA 19103

Linda P. Nussbaum, Esq.
COHEN, MILSTEIN, HAUSFELD &
   TOLL, P.L.L.C.
West Tower, Suite 500
1100 New York Avenue, NW
Washington, DC 20005-3964

Douglas H. Patton, Esq.
DEWSNUP, KING & OLSEN
Suite 2020 Beneficial Life Tower
36 South State Street
Salt Lake City, UT 84111

Barry S. Taus, Esq.
GARWIN, BRONZAFT,
   GERSTEIN & FISHER, L.L.P.
1501 Broadway
Suite 1416
New York, NY 10036

Allyn Z. Lite, Esq.
LITE DEPALMA GREENBERG &
   RIVAS LLC
Two Gateway Center, 12th Floor
Newark, NJ 07102

28401-1

**PLEASE TAKE NOTICE** that on February 14, 2002 at 10:00 a.m., or as soon thereafter as counsel may be heard, Plaintiff, the Commonwealth of Pennsylvania ("Commonwealth"), by and through its attorneys, shall move for an Order to clarify and/or amend this Court's Case Management Order in the cases consolidated herein. #57

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Civil Rule 7.1(d)(1), the Commonwealth states, through the Certification of Donald E. Haviland, Jr., Esquire, that no brief is required as there is no novel or complex issue of law being presented in this motion.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that a Certificate attesting to the date and manner of service of these moving papers is also submitted herewith.

Dated: January 14, 2002

KLINE & SPECTER
Attorneys for Plaintiff,
Commonwealth of Pennsylvania

By _____
Donald E. Haviland, Jr.

28401-1

**Donald E. Haviland, Jr.,**
**KLINE & SPECTER**
1525 Locust Street
Philadelphia, PA 19102
215-772-1000
Attorneys for Plaintiff
  Commonwealth of Pennsylvania

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN RE K-DUR ANTITRUST LITIGATION | : | Civil Action No. 01-1652 |
| | : | (Consolidated Cases) |
| | : | Hon. Joseph A. Greenaway, Jr. |
| | : | |
| | : | **Applicable to All Actions** |
| | : | |
| | : | |
| | : | **CERTIFICATION OF** |
| | : | **DONALD E. HAVILAND, JR.,** |
| | : | **ESQUIRE** |

**I, DONALD E. HAVILAND, JR., ESQUIRE,** being over the age of 21, certify as follows:

1. I am an attorney at law licensed to practice in the Commonwealth of Pennsylvania, the State of New Jersey and the District of New Jersey. I am a member of the law firm of Kline & Specter, P.C., counsel for Plaintiff, the Commonwealth of Pennsylvania ("Commonwealth"). I am submitting this Certification in support of the Commonwealth's Motion to Clarify and/or Amend Case Management Order. ("Commonwealth Motion")

2. Because the Commonwealth Motion does not present any issues of law, no brief is necessary, and the Commonwealth relies solely upon this Certification.

3. On October 4, 2001, the Commonwealth filed an action in the United States District Court for the Western District of Pennsylvania seeking monetary damages and other remedies for violations of federal antitrust laws by Schering-Plough Corporation, Key Pharmaceuticals, Inc., Upsher-Smith Laboratories, ESI Lederle, Inc. and American Home Products Corporation (collectively the "Defendants") arising out of Defendants' unlawful agreements to prevent generic competition to the highly profitable prescription drug K-Dur 20 (the "Commonwealth Action").

4. On December 10, 2001, the Judicial Panel on Multidistrict Litigation ("JPML") conditionally transferred the Commonwealth Action to this Court (the "Conditional Transfer Order"). Because the Commonwealth did not oppose the transfer, the Conditional Transfer Order is now final and the Commonwealth Action is being transferred to this Court for consolidated pre-trial proceedings.

5. On December 13, 2001, this Court entered its Case Management Order (the "CMO") setting forth the pretrial procedures governing the actions transferred to the Court by the JPML. Given that the Rules of Procedure of the Judicial Panel on Multidistrict Litigation provide that the Conditional Transfer Order "shall not [be sent] . . . to the clerk of the transferee district court for fifteen days from the entry thereof," it is unlikely this Court was aware of the transfer of the Commonwealth Action at the time it entered the CMO. *See* Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Rule 7.4 (a).

6. The CMO creates a tri-partite structure comprised of the following categories of cases: (a) Indirect Purchaser Class cases; (b) Direct Purchaser Class cases; and (c) Non-Class Pharmacy Purchaser cases. *See* CMO, ¶ 10.

7. None of these categories of cases is given precise definition. However, assuming the ordinary meaning of the terms used to describe the categories, the Commonwealth Action does not fall within any of the categories set forth in the CMO. The Commonwealth Action is not a class action, either direct or indirect, and the Commonwealth is not a pharmacy purchaser.

8. Moreover, the Commonwealth's interests are not included within either the direct or indirect class action cases because the definitions of the classes in these cases expressly exclude purchases made by governmental entities, such as the Commonwealth.

9. Thus, the CMO's grant of "sole authority" to the designated co-leads over matters "on behalf of all Plaintiffs in their respective cases" is limited to plaintiffs in the class action cases and non-class pharmacy purchaser plaintiffs which were properly represented before the Court at the October 2001 case management conference.[1]

10. In addition to the fact that the CMO does not address the Commonwealth's interest as a governmental purchaser, the CMO has created further uncertainty among the various parties to this litigation as to the status of the Commonwealth Action in this MDL.

11. An example of the uncertainty created by the CMO is the fact that Defendants are required under the Rules to file Answers the Commonwealth's Complaint. However, the CMO directs the Plaintiffs to prepare and serve a Consolidated Amended Class Action Complaint as to all claims within thirty days of the Order. *See*

---

[1] Although the Commonwealth was represented at the conference, the Commonwealth Action had not been transferred to the Court via the MDL process and therefore the Commonwealth's position was not addressed in the CMO.

28402-1

CMO, ¶ 19. Because the Commonwealth Action is not a class action, it should not be included in the Consolidated Amended Class Action Complaint.

12. Thus, clarification and/or amendment of the CMO is necessary to resolve the status of the Commonwealth's Complaint and the role of the Commonwealth's counsel in this coordinated proceeding. Although the Commonwealth's counsel are charged by the Conditional Transfer Order to coordinate with other transferred cases, such coordination cannot be completely effectuated in the absence of some direction from this Court.

13. To resolve the existing uncertainty, ensure that the Commonwealth's interests and those of other governmental purchasers are adequately represented, and establish proper coordination among all cases in this coordinated pre-trial proceeding, the Commonwealth hereby respectfully requests that the CMO be clarified and/or amended by entering an order that adds a category of cases for governmental purchasers, with the Commonwealth's counsel designated as a co-lead on behalf of such purchasers. Such an order will provide clear direction to the parties as to how they should proceed with respect to the Commonwealth Action and other governmental purchaser actions that may be subsequently filed and transferred to this Court.

14. Counsel for the Commonwealth have forwarded draft copies of these pleadings to the existing c-lead counsel for Plaintiffs and counsel for defendants to provide advance notification of this filing and to solicit any objections thereto. One of the Commonwealth's Counsel, Bert Black, discussed this filing with Jennifer Hradil, counsel for Defendants American Home Products Corporation and ESI Lederle, Inc. (collectively "AHP") a day or two prior to the January 10, 2002 filing by AHP's counsel

4

of a Joint Motion to Further Extend Defendants' Time to Answer or Otherwise Respond to Complaint in *Commonwealth of Pennsylvania v. Schering-Plough, et al.* ("AHP Motion"). Mr. Black suggested to Ms. Hradil that, as she described the AHP Motion, defendants' request for an extension of time to answer to Commonwealth's Complaint involved related concerns to those addressed by the Commonwealth Motion, and that it would be appropriate for all parties to support both motions. Mr. Black thus suggested that the Commonwealth would support the AHP Motion if, in turn, AHP would support the Commonwealth Motion. Ms. Hradil later informed Mr. Black that AHP would not support the Commonwealth Motion.

I hereby certify that the foregoing statements made by me are true and correct and are based upon my personal knowledge, information and belief. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to disciplinary action.

DONALD E. HAVILAND, JR., ESQUIRE

Dated: January 14, 2002

5

28402-1

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of January, 2002, copies of (1) Notice of Plaintiff Commonwealth of Pennsylvania's Motion to Clarify and/or Amend Case Management Order; (2) Certification of Donald E. Haviland, Jr.; and (3) a proposed form of Order were served via First Class Mail on the following:

| | |
|---|---|
| Dan K. Webb, Esq.<br>Robert Michels, Esq.<br>WINSTON & STRAWN<br>35 West Wacker Dr.<br>Chicago, IL 60601 | John W. Nields, Jr., Esq.<br>Diane E. Bieri, Esq.<br>Sarah H. Garb, Esq.<br>HOWREY SIMON ARNOLD &<br>  WHITE, LLP<br>1299 Pennsylvania Avenue, NW<br>Washington, DC 20004-2402 |
| Guy V. Amoresano, Esq.<br>Brian J. McMahon, Esq.<br>Jennifer Hradil, Esq.<br>GIBBONS, DEL DEO, DOLAN,<br>  GRIFFINGER & VECCHIONE<br>One Riverfront Plaza<br>Newark, NJ 07102-5496 | Michael J. Flannery, Esq.<br>CAREY & DANIS, L.L.C.<br>8182 Maryland Avenue<br>Suite 1400<br>Saint Louis, MO 63105 |
| Peter J. Carney, Esq.<br>Christopher M. Curran, Esq.<br>Robert D. Paul, Esq.<br>WHITE & CASE<br>601 Thirteenth Street, NW, Suite 600 South<br>Washington, DC 20005-3807 | J. Douglas Richards, Esq.<br>MILBERG WEISS BERSHAD<br>  HYNES & LERACH, L.L.P.<br>One Pennsylvania Plaza<br>New York, NY 10119 |
| Eugene A. Spector, Esq.<br>SPECTOR, ROSE & KODROFF, P.C.<br>1818 Market Street<br>Suite 2500<br>Philadelphia, PA 19103 | Linda P. Nussbaum, Esq.<br>COHEN, MILSTEIN, HAUSFELD &<br>  TOLL, P.L.L.C.<br>West Tower, Suite 500<br>1100 New York Avenue, NW<br>Washington, DC 20005-3964 |
| Douglas H. Patton, Esq.<br>DEWSNUP, KING & OLSEN<br>Suite 2020 Beneficial Life Tower<br>36 South State Street<br>Salt Lake City, UT 84111 | Barry S. Taus, Esq.<br>GARWIN, BRONZAFT,<br>  GERSTEIN & FISHER, L.L.P.<br>1501 Broadway, Suite 1416<br>New York, NY 10036 |
| Allyn Z. Lite, Esq.<br>LITE DEPALMA GREENBERG &<br>  RIVAS LLC<br>Two Gateway Center, 12th Floor<br>Newark, NJ 07102 | |

DONALD E. HAVILAND, JR.

28411-1