# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re K-DUR ANTITRUST LITIGATION ) | Civil Action No. 01-1652 (JAG) |
| ) | MDL Docket No. 1419 |
| This document is applicable to ALL ACTIONS ) | |

## DEFENDANTS' BRIEF IN RESPONSE TO NON-CLASS PHARMACY PLAINTIFFS' AND DIRECT PURCHASER CLASS PLAINTIFFS' RULE 16 REQUEST FOR STATUS CONFERENCE

McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, NJ 07101
(973) 622-4444

*Attorneys for Defendants*
*Schering-Plough Corporation and Key*
*Pharmaceuticals, Inc.*


GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE, P.C.
One Riverfront Plaza
Newark, NJ 07102-5497
(973) 596-4500

*Attorneys for Defendants*
*Wyeth and ESI Lederle*

WOLFF & SAMSON, PC
One Boland Drive
West Orange, New Jersey 07052
(973) 352-1500

*Attorneys for Defendant*
*Upsher-Smith Laboratories, Inc.*

Defendants Schering-Plough Corporation, Key Pharmaceuticals, Inc. (collectively "Schering"), Upsher-Smith Laboratories, Inc. ("Upsher-Smith"), Wyeth and ESI Lederle submit this response to the Non-Class Pharmacy Plaintiffs' and Direct Purchaser Class Plaintiffs' Rule 16 Request for a Status Conference ("Rule 16 Request"). For the reasons described more fully below, defendants respectfully suggest that a status conference to discuss scheduling would be premature until the Court has had the opportunity to rule on defendants' pending motions on the pleadings.

Plaintiffs claim that a status conference is necessary "to put in place a schedule for the completion of discovery in this case and the setting of operative deadlines." (Rule 16 Request at 1). Defendants have fully complied with their discovery obligations to date, producing hundreds of thousands of pages of documents and testimony from the underlying FTC Action. Plaintiffs are putting the cart before the horse, however, in suggesting that the Court address the scheduling of additional discovery and other matters before it decides defendants' pending Rule 12 motions.

As defendants recently noted in response to plaintiff Louisiana Wholesale Drug Company's motion to amend its complaint, defendants' Rule 12 motions challenge the sufficiency of *all* plaintiffs' claims. Defendants' motions rest primarily on the ground that plaintiffs have failed to allege that the settlements of the Upsher-Smith and ESI patent cases extended Schering's rights beyond the reasonable scope of the '743 patent. (Defendants' Response To Plaintiff Louisiana Wholesale Drug Company's Motion For Leave To Amend To File Amended Class Action Complaint at 5). If the Court grants defendants' motions, all plaintiffs – including the Non-Class Pharmacy Plaintiffs and the Direct Purchaser Class Plaintiffs – who wish to pursue their claims will be required to

seek leave to amend their complaints, if possible, to address the merits of the Upsher-Smith and ESI patent litigations. Defendants respectfully suggest that it makes little sense for the parties and this Court to attempt to set a schedule for additional discovery and other proceedings in this case without first knowing whether these significant amendments to plaintiffs' complaints will be required.[1]

Defendants also dispute plaintiffs' characterization that a scheduling conference is warranted because defendants have delayed discovery or because the case "remains at a complete standstill." (Rule 16 Request at 2). Plaintiffs are well aware that defendants have more than complied with all of this Court's and Magistrate Judge Haneke's Orders regarding discovery. Indeed, defendants have produced, either pursuant to those Orders or *voluntarily*, hundreds of thousands of pages of documents to plaintiffs.

Schering, for example, has produced the following discovery in this action pursuant to Court Order:

    1.    approximately 60,000 pages of documents from the underlying patent litigations;

    2.    the settlement and license agreements from the underlying patent litigations;

    3.    Schering's privilege log produced to the FTC in the FTC Action;

    4.    transcripts of depositions of all Schering witnesses taken in the FTC Action;

    5.    documents Schering identified and used as trial exhibits in the FTC Action; and

---

[1] The scope of future proceedings on class and merits issues may also be significantly affected by the Court's ruling on defendants' motions to dismiss plaintiffs' state law claims.

6.    the 225,000+ pages Schering produced to the FTC in the FTC Action, including Complaint Counsel's First and Second Requests for Production of Documents and Things Issued to Schering-Plough.

In addition, Schering has *voluntarily* produced additional documents consisting of electronic sales data, sales contracts and pricing information for its K-Dur 20 product and the generic equivalent to K-Dur 20 marketed by Schering subsidiary Warrick Pharmaceuticals.

Similarly, Upsher-Smith has produced, either voluntarily or pursuant to Court Orders, the following documents to plaintiffs:

1.    all documents Upsher-Smith produced to the FTC in the FTC Action;

2.    Complaint Counsel's document requests in the FTC Action and Upsher-Smith's responses to those requests;

3.    an index of Upsher-Smith's production to the FTC;

4.    Upsher-Smith's privilege log from the FTC Action;

5.    a list of all Upsher-Smith individuals whose files were searched in connection with Upsher-Smith's production in the FTC Action;

6.    data, in paper and electronic formats, regarding Upsher-Smith's potassium sales from September 2001 through the first quarter of 2003.

Wyeth has likewise made a comprehensive production to plaintiffs, providing documents including:

1.    its privilege log from the FTC Action;

2.    all documents it produced to the FTC in the FTC Action;

3.    copies of depositions of Wyeth witnesses taken in the FTC Action;

4.    copies of the public versions of the hearing transcript  from the FTC Action.

As plaintiffs acknowledge (Rule 16 Request at 2), they raised these same concerns regarding discovery with Magistrate Judge Haneke in June 2003, when they made a request similar to the instant request for a status conference. Defendants responded by submitting letters to Magistrate Judge Haneke that described in detail all the discovery defendants had provided to date. Magistrate Judge Haneke did not schedule a status conference or order any additional discovery.

Plaintiffs cannot point to any development in this case that would suggest that the Court should revisit the issues raised before Magistrate Judge Haneke. Defendants have more than complied with their discovery obligations, and the case has made steady progress while the Court has considered defendants' Rule 12 motions. Plaintiffs' request for a conference "to set a schedule for the completion of this case" (Rule 16 Request at 2) is premature given the current procedural posture of the case. Defendants respectfully submit that the interests of judicial economy will be best served if the parties and the Court determine an appropriate schedule of further proceedings *after* the Court has issued its decisions on the Rule 12 motions that will define the scope of those further proceedings.[2]

---

[2] The Commission's recent decision in the FTC Action does not change this analysis at all. First, the Commission's decision does not bind this Court in any way, and it certainly does not effect this Court's discretion to manage this multidistrict litigation. Furthermore, Schering and Upsher-Smith have each filed petitions for review of the Commission's decision in the United States Court of Appeals for the Eleventh Circuit. Defendants fully expect the Eleventh Circuit to determine that the Commission's order cannot stand because, *inter alia*, the Commission failed to take the merits of the underlying patent litigations and the scope of Schering's patent properly into account when evaluating the reasonableness of the patent settlement agreements. *See, e.g., Valley Drug Co. v. Geneva Pharmaceuticals, Inc.*, 344 F.3d 1294, 1305 (11th Cir. 2003) (reversing per se condemnation of patent settlement, even where brand-name drug patent subsequently held invalid, because the effect on production of generic drug's

## CONCLUSION

For the foregoing reasons, defendants submit that plaintiffs' request for a Rule 16 conference to discuss a schedule for the completion of discovery and other pretrial proceedings is premature and should be denied.[3]

Respectfully submitted,

Dated:   February 23, 2004

William J. O'Shaughnessy (WO-5256)
Harvey C. Kaish (HK-3715)
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, NJ 07101
(973) 622-4444

---

production "appear[ed] to be no broader than the potential exclusionary effect of the '207 patent, and was actually narrower to the extent it permitted [generic] to market its drug before the '207 patent expired").

[3]  In a letter dated February 13, 2004, counsel for the Indirect Purchaser Plaintiffs requested a status conference with Magistrate Judge Haneke to "address the current hiatus in these proceedings awaiting Judge Greenaway's decision on the motions to dismiss, as well as various discovery issues." (*See* 2/13/04 Letter from Allyn Z. Lite to Magistrate Judge Haneke at 1, attached as Exhibit 1).  To the extent that the Indirect Purchaser Plaintiffs are requesting a conference to address scheduling issues, such a conference would be premature for the reasons stated above.  To the extent that the Indirect Purchaser Plaintiffs are asking Magistrate Judge Haneke to revisit previous decisions regarding the appropriate scope of discovery, defendants respectfully submit that the Indirect Purchaser Plaintiffs still have not provided – and could not provide at a status conference – any grounds to justify their requests that defendants be required to produce at this time "all trial exhibits, expert reports, *in camera* transcripts and unredacted versions of both the Administrative Law Judge's decision and the FTC opinion." (*Id.*).

John W. Nields, Jr.
Alan M. Wiseman
Laura S. Shores
HOWREY SIMON ARNOLD
 & WHITE, LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C.  20004
(202) 783-0800

Of counsel:
Jonathan Wasserman
Schering-Plough Corp.
2000 Galloping Hill Rd.
Kenilworth, NJ
(908) 298-5075
Attorneys for Defendants
SCHERING-PLOUGH CORPORATION
and KEY PHARMACEUTICALS, INC.


*William F. Goydan / IMH*
William E. Goydan (WEG-4151)
WOLFF & SAMSON, PC
One Boland Drive
West Orange, New Jersey 07052
(973) 352-1500

Robert D. Paul
Christopher M. Curran
J. Mark Gidley
WHITE & CASE, LLP
601 Thirteenth Street, N.W.
Washington, D.C. 20005
(202) 626-3600

Attorneys for Defendant
UPSHER-SMITH LABORATORIES, INC.

- 6 -

Brian J. McMahon / JMH

Brian J. McMahon
GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE, P.C.
One Riverfront Plaza
Newark, NJ 07102-5497
(973) 596-4500

Robert L. Michels
WINSTON & STRAWN
35 W. Wacker Drive
Chicago, IL 60601-9703
(312) 558-5600

Attorneys for Defendants
WYETH and ESI LEDERLE

- 7 -

# EXHIBIT 1

# LITE DePALMA GREENBERG & RIVAS, LLC

ATTORNEYS AT LAW

(973) 623-3000
TELEPHONE

TWO GATEWAY CENTER

12TH FLOOR

NEWARK, NEW JERSEY 07102-5003

(973) 623-0858
FACSIMILE

February 13, 2004

**Via Hand Delivery**
Honorable G. Donald Haneke, U.S.M.J.
United States District Court
M.L. King, Jr. Federal Building
 & United States Courthouse
50 Walnut Street
Newark, New Jersey 07101

> **Re:** **In re K-Dur Antitrust Litigation**
> Civil Action No. 01-1652 (JAG)
> (Consolidated Cases)
> MDL Docket No. 1419

Dear Judge Haneke:

I am court appointed liaison counsel for plaintiffs in the above captioned consolidated actions. I write on behalf of the indirect purchaser plaintiffs to request a case management conference with the Court to address the current hiatus in these proceedings awaiting Judge Greenaway's decision on the motions to dismiss, as well as various discovery issues. On December 18, 2003 plaintiffs forwarded to Judge Greenaway a copy of the FTC opinion reversing the Initial Decision of the Administrative Law Judge in In re Schering-Plough Corporation, et al., Docket No.: 19297.

In light of the FTC opinion, plaintiffs would like to revisit with Your Honor various discovery related matters previously identified to the Court, including defendants' obligations to produce various documents already produced by defendants to the FTC. While many of these documents have been produced and reviewed, we would like to address, among other things, production of all of the trial exhibits, expert reports, *in camera* transcripts and unredacted versions of both the Administrative Law Judge's decision and the FTC opinion.

Hon. G. Donald Haneke, U.S.M.J.
February 13, 2004
Page 2

    We appreciate Your Honor's assistance in this matter and look forward to a conference at
the earliest possible time in the Court's schedule.

                                        Respectfully,

                                        Allyn Z. Lite

AZL:KB:emp


cc:     Honorable Joseph A. Greenaway, Jr.
        Defense Counsel (on attached list)
        Plaintiffs Co-Lead Counsel (on attached list)


G:\Lite\L04435\0101\Correspondence\Haneke2.13.04.wpd

## In re K-DUR ANTITRUST LITIGATION MDL
### Docket No. 1419 (JAG)

Allyn Z. Lite
Joseph DePalma
Lite DePalma Greenberg & Rivas, LLP
Two Gateway Center, 12th Floor
Newark, NJ 07102
Phone: 973-623-3000
Fax:    973-623-0858

J. Douglas Richards
Michael M. Buchman
Milberg Weiss Bershad Hynes
   & Lerach
One Pennsylvania Plaza
New York, NY 10119
Phone:   212-594-5300
Fax:     212-868-1229

James Rosemergy, Esq.
Michael J. Flannery, Esq.
The David Danis Law Firm, P.C.
8235 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
Phone:   314-725-7700
Fax:     314-721-0905

Eugene A. Spector
Theodore M. Lieverman, Esq.
Jeffrey J. Corrigan
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Phone:   215-496-0300
Fax:     215-496-6611

Linda P. Nussbaum
Cohen, Milstein, Hausfeld
   & Toll, P.L.L.C.
825 Third Avenue, 30th Floor
New York, NY 10022
Phone:   212-838-7797
Fax:     212-838-7745

Barry S. Taus, Esq.
Garwin, Bronzaft, Gerstein & Fisher, LLP
1501 Broadway, Suite 1416
New York, NY 10036
Phone:   212-398-0055
Fax:     212-764-6620

Douglas H. Patton
Dewsnup King & Olsen
2020 Beneficial Tower
36 South State Street
Salt Lake City, Utah  84111
Phone: 801-533-0400
Fax No.: 801-363-4218

William J. O'Shaughnessy
Harvey C. Kaish
McCarter & English
Four Gateway Center - P.O. Box 652
Newark, NJ 07101-0652
Phone:  973-622-4444
Fax:      973-624-7070

Daniel Berger
David F. Sorensen
Eric L. Cramer
Berger & Montague, PC
1622 Locust Street
Philadelphia, PA 19103
Phone:  215-875-3000
Fax:      215-875-4604

Robert L. Michels
Winston & Strawn
35 West Wacker Drive, 45th fl.
Chicago, IL 60601
Phone:  312-558-5600
Fax:      312-558-5700

William Goydan
Wolff & Samson, PC
The Offices at Crystal Lakes
One Boland Drive
West Orange, NJ 07052
Telephone: 973-325-1500
Fax: 973-325-1501

Donald E. Haviland, Jr., Esq.
Kline & Specter
The Nineteenth Floor
1525 Locust Street
Philadelphia, PA 19102
Phone:  215-772-1000
Fax:      215-772-1359

Karie Jo Barwind
White & Case LLP
601 Thirteenth Street, NW
Washington, DC 20005
Telephone: 202-626-3600
Facsimile: 202-639-9355

Brian J. McMahon
Gibbons, Del Deo, Dolan, Griffinger &
Vecchione
One Riverfront Plaza
Newark, NJ 07102
Phone:  973-596-4500
Fax:      973-596-0545