

RECEIVED - CLERK
U.S. DISTRICT COURT

2004 DEC -3 P 12: 24

1299 PENNSYLVANIA AVE., NW
WASHINGTON, DC 20004-2402
PHONE 202.783.0800
FAX 202.383.6610
A LIMITED LIABILITY PARTNERSHIP

ALAN M. WISEMAN
PARTNER
202.383.6638
wisemana@howrey.com

December 3, 2004

**VIA HAND DELIVERY**

Honorable G. Donald Haneke
United States Magistrate Judge
Martin Luther King, Jr. Courthouse
50 Walnut Street
Newark, N.J. 07101

**Re: In re *K-Dur Antitrust Litigation*, Consol. Civ. A. No. 01-1652 (JAG)**
**Applies to: All Actions**

Dear Magistrate Judge Haneke:

Schering-Plough Corporation ("Schering"), on behalf of itself and Upsher-Smith Laboratories, Inc. ("Upsher-Smith"), respectfully submits this response to the Plaintiffs' November 23, 2004 letter regarding deposition discovery in this case.

As Plaintiffs acknowledge, absent a court order or agreement of the parties, Rule 30 limits each side to ten depositions of seven hours each. Fed. R. Civ. P. 30(a)(2), (d). In this case, the parties have agreed that this limitation needs to be amended, but disagree on how much. Schering and Upsher-Smith (the "Defendants") have proposed that each side be allowed to take 35 seven-hour depositions of fact witnesses. That proposal, attached hereto as a proposed order, allows over three times the number of depositions allowed by Rule 30,[1] for a total of 70 fact depositions in this case. At the same time, the Defendants' proposal adheres to Rule 30's seven-hour limitation on each deposition, to avoid unduly burdening witnesses—many of whom have testified multiple times, and many more of whom are third parties—with lengthy depositions. Defendants' proposal for 35 seven-hour depositions should be adopted.

Defendants' proposal provides more than enough depositions for this case. Indeed, like other discovery tools, depositions are intended by the Federal Rules to avoid undue surprise at trial by allowing parties "to find out what the witness saw, heard, and knows or what the witness thinks." Moore's Federal Practice, § 30.02[1] (3d ed. 2004). It is hard to imagine a case in which there is *less* surprise than this one regarding what Schering and Upsher witnesses saw, heard, know and think. Plaintiffs already have copies of the depositions and trial testimony of

[1] Defendants' proposal does not count expert depositions towards the 35-deposition limit, and therefore the ultimate number of depositions in this case may be far more than three times the amount allowed by Rule 30.



RECEIVED-CLERK
U.S. DISTRICT COURT

2004 DEC -3 P 12: 25



every Schering and Upsher-Smith fact witness who testified in the FTC Action.[2] Thirty-five additional depositions should be more than enough to allow Plaintiffs to take full discovery.[3] Defendants' proposal also preserves Rule 30's goal of ensuring that witnesses will not be subjected to lengthy, overly burdensome depositions by maintaining Rule 30's seven-hour deposition limitation, and requires questioners to conduct their examinations efficiently. Defendants' proposal also is simple to administer. It is not hard to determine when Plaintiffs or Defendants have used up their allotted 35 depositions.[4] And it is relatively easy in the course of a single deposition to determine when a party has used up seven hours of questioning. By contrast, keeping track of 300 hours of depositions, as Plaintiffs suggest, is administratively difficult and will cause disputes regarding when a given deposition becomes unduly burdensome or oppressive and must be stopped.

In response, Plaintiffs suggest that 35 fact depositions per side will not be enough to depose every fact witness who may testify at trial because, they assert, 38 fact witnesses testified at the trial of the FTC Action. But Plaintiffs ignore that this is the *combined* total number of fact witnesses called *by both sides* in the FTC Action. Under Defendants' deposition proposal, both sides will be taking a combined total of 70 depositions –far more than the number of fact witnesses at the FTC trial and more than enough to ensure that the Parties are able to depose any proposed trial witness.

Plaintiffs also object to Defendants' proposal because they want to be able to depose fact witnesses- -many of whom are third parties—for more than seven hours, whenever Plaintiffs deem it convenient or necessary. Indeed, under "Plaintiffs' Total Hour Proposal," there is *no* limitation on the length of any single deposition. Plaintiffs must show "good cause" to justify abandoning this important protection of Rule 30,[5] but have demonstrated none. Plaintiffs simply claim that longer depositions would be useful because there may be certain witnesses who were involved in "multiple relevant subject areas." But such witnesses already have provided extensive testimony in the FTC Action, and therefore Plaintiffs should need *less* additional

---

[2] A number of key Schering and Upsher-Smith witnesses provided testimony *multiple* times in the FTC Action.

[3] Under Defendants' proposal, if, after taking 35 depositions, Plaintiffs believe they need more, they can discuss that issue with Defendants, and if necessary, move the Court for leave to take additional depositions.

[4] All parties agree that a 30(b)(6) deposition counts as one deposition for purposes of the 35-deposition limitation, regardless of the number of designees put forth to respond to the topics in the deposition notice. Accordingly, Plaintiffs' statement that there will be disputes about this overstates the disagreement between the parties.

[5] *Nicholas v. Wyndham Int'l, Inc.*, No. 2001/147MR, 2002 U.S. Dist. LEXIS 27111 at *3 (D. V.I. Nov. 18, 2002).





deposition time for such witnesses, not more. Plaintiffs' proposal simply invites unwarranted, duplicative questioning of such of witnesses.[6]

Finally, Plaintiffs argue that depositions of an organization, taken pursuant to Rule 30(b)(6), should be treated differently from other depositions. Plaintiffs propose to take an unstated amount of 30(b)(6) depositions, and assert that the seven-hour limitation on such depositions is inappropriate in this case because many substantive issues "may best be established through 30(b)(6) depositions of the corporate defendants." But Plaintiffs give no reason why any substantive issues need be—or are "best"—established through 30(b)(6) depositions. Indeed, Plaintiffs already have the testimony of the Schering and Upsher-Smith witnesses who were involved in the substantive issues in this case. They know who those witnesses are and what they said. Rule 30(b)(6) depositions are subject to the same seven-hour limit of any other deposition, and are subject to Rule 30(a)'s limitation that a person may only be deposed once in a given action absent agreement of the parties or leave of court. Fed. R.Civ. P. 30(a)(2)(B); *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 192 (1st Cir. 2001) (second 30(b)(6) deposition subpoena to same company "invalid"). *See also* Moore's Federal Practice, § 30.05[1][c] (3d ed. 2004) ("The rule requiring leave of court to take a second deposition applies to an entity that is deposed pursuant to Rule 30(b)(6).")[7] Plaintiffs' proposal to treat Rule 30(b)(6) depositions differently from other depositions is not authorized by Rule 30, and Plaintiffs have shown no good cause for the Court to vary from that Rule by allowing numerous, lengthy 30(b)(6) depositions in this case.

For the reasons set forth above, Schering respectfully requests that the Court adopt Defendants' proposal that deposition discovery be limited to 35 seven hour depositions, including depositions pursuant to Rule 30(b)(6).

Respectfully submitted,

Alan M. Wiseman

cc: Plaintiffs' Liaison Counsel

---

[6] Moreover, an extension of the seven-hour deposition limit should occur only after a party uses up the seven hours and demonstrates a need for additional time. At that time, counsel can attempt to work out a reasonable extension. Moore's, §30.45.

[7] Plaintiffs ignore this authority, and argue that Defendants' position is "pure contrivance." But it is Plaintiffs' position that is unsupported. Defendants' position is compelled by the clear language of Rule 30. Indeed, any other reading of Rule 30 would allow parties to completely circumvent the ten-deposition limitation of Rule 30(a) by issuing ten 30(b)(6) deposition notices, each with numerous sub-parts, and demanding that the opposing party put forth numerous seven-hour depositions of numerous corporate representatives that would need to testify on all of the designated topics.

**SERVICE LIST**

Michael J. Flannery, Esq.
THE DAVID DANIS LAW FIRM
Suite 1100
8235 Forsyth Blvd.
St. Louis, MO 63105
*Co-Lead Counsel for Indirect Purchaser Class Plaintiffs*

J. Douglas Richards, Esq.
MILBERG WEISS BERSHAD & SCHULMAN LLP
One Pennsylvania Plaza
New York, NY 10119-0165
*Co-Lead Counsel for Indirect Purchaser Class Plaintiffs*

Robert Michels, Esq.
WINSTON & STRAWN
35 West Wacker Drive, 45th Floor
Chicago, IL 60601
*Counsel for Defendant Wyeth and ESI Lederle*

Eugene A. Spector, Esq.
SPECTOR, ROSEMAN & KODROFF, PC
1818 Market Street, Ste. 2500
Philadelphia, PA 19103
*Co-Lead Counsel for Indirect Purchaser Class Plaintiffs*

Linda P. Nussbaum, Esq.
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
150 E. 52nd Street, 30th Flr.
New York, NY 10022-6017
*Co-Lead Counsel for Indirect Purchaser Class Plaintiffs*

Barry S. Taus, Esq.
GARWIN, BRONZAFT, GERSTEIN & FISHER, L.L.P.
1501 Broadway, Suite 1416
New York, NY 10036
*Co-Lead Counsel for Direct Purchaser Class Plaintiffs*

Douglas H. Patton, Esq.
DEWSNUP KING & OLSEN
2020 Beneficial Tower
36 South State Street
Salt Lake City, UT 84111
*Lead Counsel for the Non-Class Pharmacy Purchasers*

Brian J. McMahon, Esq.
GIBBONS, DEL DEO, DOLAN, GRIFFINGER & VECCHIONE, PC
One Riverfront Plaza
Newark, NJ 07102-5497
*Counsel for Defendant Wyeth and ESI Lederle*

Scott E. Perwin, Esq.
Richard Alan Arnold, Esq.
Deborah S. Corbishley, Esq.
KENNY NACHWALTER ET AL., P.A.
1100 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131-4327

William E. Goydan, Esq.
Gage Andretta, Esq.
WOLFF & SAMSON, P.C.
The Offices at Crystal Lake
One Boland Drive
West Orange, NJ 07052
*Counsel for Defendant Upsher-Smith Laboratories, Inc.*

Donald E. Haviland, Jr., Esq.
KLINE & SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
*Counsel for Commonwealth of Pennsylvania*

Rebekah R. Conroy, Esq.
COHN LIFLAND PEARLMAN HERRMANN & KNOPF
Park 80 Plaza West-One
Saddle Brook, NJ 07663
*Counsel for Direct Purchaser Class Plaintiffs*

John G. Odom, Esq.
Stuart E. Des Roches, Esq.
ODOM & DES ROCHES, LLP
Suite 2020, Poydras Center
650 Poydras Street
New Orleans, LA 70130
*Counsel for Direct Purchaser Class Plaintiffs*

Christopher Curran, Esq.
Peter Carney, Esq.
Karie Jo Barwind, Esq.
WHITE & CASE
Suite 600 South
601 Thirteenth Street, N.W.
Washington, D.C. 20005-3807
*Counsel for Upsher-Smith Laboratories, Inc.*

Barry L. Refsin, Esq.
HANGLEY ARONCHICK SEGAL & PUDLIN
One Logan Square, 27th Floor
Philadelphia, PA 19103-6933
*Counsel for Defendants CVS Meridian, Inc. and Rite Aid Corporation*

Daniel Berger, Esq.
BERGER & MONTAGUE, PC
1622 Locust Street
Philadelphia, PA 19103
*Co-Lead Counsel for Direct Purchaser Class Plaintiffs*

Steve D. Shadowen, Esq.
Gordon A. Einhorn, Esq.
HANGLEY ARONCHICK SEGAL & PUDLIN
30 North Third Street, Suite 700
Harrisburg, PA 17101-1701

Alan Wiseman, Esq.
Charles Loughlin, Esq
HOWREY SIMON ARNOLD & WHITE, LLP
1299 Pennsylvania Ave., NW
Washington, DC 20004-2402
*Counsel for Defendant Schering-Plough Corp.*

Allyn Z. Lite, Esq.
LITE DE PALMA GREENBERG & RIVAS, LLC
Two Gateway Center, 12th Floor
Newark, NJ 07102-50003
*Counsel for Rose Lipscomb; New York State-Wide Action Council, Inc.; Massachusetts Senior Action Council*