UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE K-DUR ANTITRUST LITIGATION** <br><br> This document relates to: <br><br> All Actions | Civil Action No. 01-CV-1652 (JAG) <br><br> MDL Docket No. 1419 <br><br> **ORDER** |

      Defendants Schering-Plough Corporation and Upsher-Smith Laboratories, Inc. (collectively, "defendants") have appealed to this Court to vacate and reverse in part the Discovery Order of Magistrate Judge G. Donald Haneke of March 24, 2005. Upon consideration of defendants' Motion, and any opposition thereto, IT IS HEREBY ORDERED that defendants' motion is GRANTED.

      IT IS FURTHER ORDERED that the following rulings of Magistrate Judge Haneke are hereby vacated and reversed in part:

      1.     The denial of the letter motions dated, September 23, 2004; October 15, 2004; and October 28, 2004 seeking certain document and interrogatory discovery from the direct purchaser plaintiffs.

      2.     The denial of the letter motion of November 8, 2004 seeking certain document discovery from the indirect purchaser plaintiffs.

DM_US\8159904.v1

IT IS FURTHER ORDERED that Plaintiffs shall comply with this order and produce the following discovery within 30 business days of the date of this order. Deposition testimony required by this Order shall be provided on a schedule to be agreed upon by the parties.

So-called "Downstream" Discovery:

IT IS FURTHER ORDERED that the putative Direct Class Plaintiffs must provide answers to the following interrogatories propounded by Schering regarding downstream discovery: Nos. 7-9 and 12.

IT IS FURTHER ORDERED that the putative Direct Class Plaintiffs must produce documents responsive to the following document requests propounded by Schering regarding downstream discovery: Nos. 8-14, 17, 21, 31, and 47-51.

IT IS FURTHER ORDERED that the Non-Class Pharmacy Plaintiffs must provide answers to the following interrogatories propounded by Schering regarding downstream discovery: Nos. 8, 10-13, and 15.

IT IS FURTHER ORDERED that the Non-Class Pharmacy Plaintiffs must produce documents responsive to the following document requests propounded by Schering regarding downstream discovery: Nos. 8-17, 29, 44, and 47-51.

IT IS FURTHER ORDERED that the three National Wholesalers (Cardinal Health, Inc., McKesson Corp., and AmerisourceBergen) must provide documents responsive to the following subpoena requests propounded by Schering and/or Upsher-Smith regarding downstream discovery: Nos. 2, 4-6, 9-12, 14-18, and 20.

Market Definition Discovery:

IT IS FURTHER ORDERED that the putative Direct Class Plaintiffs must provide answers to the following interrogatories propounded by Schering regarding market definition discovery: Nos. 6-9, 10, and 12.

IT IS FURTHER ORDERED that the putative Direct Class Plaintiffs must produce documents responsive to the following document requests propounded by Schering regarding market definition discovery: Nos. 6-7, 11-12, 22, 26-27, 29, and 49-50.

IT IS FURTHER ORDERED that the Non-Class Pharmacy Plaintiffs must provide answers to the following interrogatories propounded by Schering regarding market definition discovery: Nos. 8, and 10-13.

IT IS FURTHER ORDERED that the Non-Class Pharmacy Plaintiffs must produce documents responsive to the following document requests propounded by Schering regarding market definition discovery: Nos. 6-7, 11-14, 22-23, 28-31, 47-48, and 51.

IT IS FURTHER ORDERED that the three National Wholesalers must provide documents responsive to the following subpoena requests propounded by Schering and/or Upsher-Smith regarding market definition discovery: Nos. 1-4, 14-17, and 20.

IT IS FURTHER ORDERED that the Consumer Indirect Purchaser Plaintiffs must produce documents responsive to the following document request propounded by Schering regarding market definition discovery: No. 5.

IT IS FURTHER ORDERED that the Third Party Payor Indirect Purchaser Plaintiffs must provide answers to the following interrogatories propounded by Schering regarding market definition discovery: Nos. 10-11.

IT IS FURTHER ORDERED that the Third Party Payor Indirect Purchaser Plaintiffs must produce documents responsive to the following document requests propounded by Schering regarding market definition discovery: Nos. 2-13, 23.

Insurer Plaintiffs' Pass-through/Cost Recoupment Discovery:

IT IS FURTHER ORDERED that the Third Party Payor Indirect Purchaser Plaintiffs must provide an answers to the following interrogatory propounded by Schering regarding insurer pass-through discovery: No. 12.

IT IS FURTHER ORDERED that the Third Party Payor Indirect Purchaser Plaintiffs must produce documents responsive to the following document requests propounded by Schering regarding insurer-pass through discovery: Nos. 20 and 49.

<u>Consumer Plaintiffs' Switching Discovery</u>:

IT IS FURTHER ORDERED that the Consumer Indirect Purchaser Plaintiffs must provide an answer to the following interrogatory propounded by Schering regarding Consumer Plaintiffs' switching discovery: No. 11.

IT IS SO ORDERED.

Dated: _____                       _____
                                           Honorable Joseph A. Greenaway, Jr.
                                           United States District Court Judge