**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| IN RE K-DUR ANTITRUST LITIGATION, : | Civil Action No. 01-1652 (JAG) |
| : | (consolidated cases) |
| This Document Relates to: : | MDL Docket No. 1419 |
| : |  |
| All Actions : | **ORDER** |
| : |  |

**GREENAWAY, JR., U.S.D.J.**

On April 14, 2008, Special Master Stephen M. Orlofsky submitted a report and recommendation ("R&R") (Docket Entry No. 636), pursuant to the appointment order (Docket Entry No. 316) and FED. R. CIV. P. 53. In the R&R, Special Master Orlofsky concluded that the Amended Motion for Class Certification filed by the Direct Purchaser Plaintiffs should be granted, with one modification to the proposed class.[1] Pursuant to FED. R. CIV. P. 53(f), defendants Schering-Plough Corporation and Upsher-Smith Laboratories, Inc. (collectively, "Defendants") and the Direct Purchaser Class Plaintiff ("DP Plaintiff") filed objections to the R&R, and responses to their opponent's objections. As required by FED. R. CIV. P. 53(f), this

---

[1] Rather than excluding from the class "persons or entities who have neither purchased generic versions of K-Dur 20, nor obtained increased discounts on brand name K-Dur 20, after the introduction of generic versions of K-Dur 20," as requested by the putative class representative, Louisiana Wholesale Drug Co., the Special Master excluded "persons or entities who have not purchased generic versions of K-Dur 20."

1

Court has reviewed the R&R de novo and the submissions of all parties.[2]  Based on that de novo review,

IT IS on this 29th day of December, 2008,

ORDERED that Special Master Orlofsky's R&R (Docket Entry No. 636) is adopted as the opinion of this Court; and it is further

ORDERED that the Amended Motion for Class Certification is GRANTED, as modified by the Special Master; and it is further

ORDERED that the class to be certified shall consist of:

> All persons or entities who have purchased K-Dur 20 directly from Schering at any time during the period November 20, 1998, through September 1, 2001.

Excluded from the proposed class shall be:

> Defendants and their officers, directors, management, and employees, subsidiaries, and affiliates, as well as federal government entities.  Also excluded are persons or entities who have not purchased generic versions of K-Dur 20.

and it is further

ORDERED that the objections of Defendants (Docket Entry No. 649) and DP Plaintiff (Docket Entry No. 674) are overruled; and it is further

---

[2]  Defendants, in the two concluding paragraphs of their objections, argue that 26 firms which were included in the settlement class "will receive no notice that, despite being included in the first settlement class counsel have stopped pursuing their claims. . . . [and that] all settling class members, including these 26 firms, released their claims against Wyeth but received no settlement proceeds."  (Defs. Schering-Plough Corp.'s and Upsher-Smith Lab., Inc.'s Mem. of Law in Support of their Objections to the April 14, 2008 Report and Recommendation Regarding Direct Purchasers' Mot. for Class Certification 37-8.)  Essentially, Defendants attempt to raise a due process violation on behalf of absent class members.  While not making a determination as to whether Defendants have standing to raise this claim on behalf of the absent potential plaintiffs, this Court concludes that the concerns regarding notice raised by Defendants can be addressed by providing notice to all members of the settlement class regarding the certification of the plaintiff class.

ORDERED that a copy of this Order be served on all parties within seven (7) days of the date of entry of this Order.

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.