IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| *In re K-Dur Antitrust Litigation*<br><br>This document relates to:<br><br>All Direct Purchaser Class Actions | Civil Action No. 01-cv-1652(SRC)(CLW)<br>MDL Docket No. 1419 |

**[PROPOSED] ORDER GRANTING DIRECT PURCHASER CLASS PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT, APPROVAL OF THE FORM AND MANNER OF NOTICE TO THE CLASS AND PROPOSED SCHEDULE FOR A FAIRNESS HEARING**

Upon review and consideration of Direct Purchaser Class Plaintiffs' Unopposed Motion for Preliminary Approval of Proposed Settlement, Approval of the Form and Manner of Notice to the Class, Proposed Schedule for a Fairness Hearing, and exhibits thereto, and any hearing thereon, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that said motion is GRANTED as follows:

### Jurisdiction

1.  This Order hereby incorporates by reference the definitions in the Settlement Agreement among Defendants, Named Plaintiff, and the Direct Purchaser Class, and all capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreement.

2.  This Court has jurisdiction over the Named Plaintiff Louisiana Wholesale Drug Co. and Merck & Co. (formerly known as Schering-Plough Corporation) and Upsher-Smith Laboratories (jointly, "Defendants"), and jurisdiction over the litigation to which Direct Purchaser Class Plaintiffs and Defendants are parties.

## Preliminary Approval of the Proposed Settlement

3. The ultimate approval of a class action settlement requires a finding that the settlement is fair, adequate, and reasonable. *Walsh v. Great Atl. & Pac. Tea Co.*, 726 F.2d 956, 965 (3d Cir. 1983). In evaluating a proposed settlement for preliminary approval, however, the Court is required to determine only whether "the proposed settlement discloses grounds to doubt its fairness or other obvious deficiencies such as unduly preferential treatment of class representatives or segments of the class, or excessive compensation of attorneys, and whether it appears to fall within the range of possible approval." *Mehling v. New York Life Ins. Co.*, 246 F.R.D. 467, 472 (E.D. Pa. 2007) (internal quotation marks omitted). The proposed settlement satisfies the standard for preliminary approval.

4. The Court finds that the proposed settlement, which includes a cash payment of $60,200,000.00 by Defendants into an escrow account for the benefit of the Class (the "Settlement Fund") in exchange for, *inter alia,* dismissal of the litigation between Direct Purchaser Class Plaintiffs and Defendants with prejudice and releases of all claims against Defendants by Named Plaintiff and the Direct Purchaser Class, including all claims asserted against Defendants in this litigation, as set forth in the Settlement Agreement, was arrived at by arm's-length negotiations by highly experienced counsel after years of litigation, falls within the range of possibly approvable settlements, and is hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below.

## Approval of the Plan of Notice to the Class

5. Members of the Class have previously been given notice of the pendency of the litigation and the opportunity to exclude themselves from the Class. *See* Dkt No. 922 (Dec. of V. Glazer Regarding Transmission of Notice to the Direct Purchaser Class). No Class Member

availed itself of that opportunity. *Id.* The proposed form of Notice, which informs Class Members of the proposed Settlement thereof (annexed as Exhibit B to the Settlement Agreement) ("the Notice") satisfies the requirements of Rule 23(e) and due process, is otherwise fair and reasonable, and is therefore approved. Co-Lead Counsel shall cause the Notice substantially in the form attached to the Settlement Agreement to be disseminated by JUNE 7, 2017 (15 days following the entry of this Order) via first-class mail to the last known address of each entity that purchased K-Dur directly from Schering during the Class Period.

6. Co-Lead Counsel shall file with the Court any request for an award of attorneys' fees, reimbursement of costs and expenses and incentive award to the Named Plaintiff no later than JULY 17, 2017 (21 days prior to the deadline for Class Members to object to the Settlement and/or Co-Lead Counsel's request).

7. Members of the Class may object to the Settlement and/or Class Counsel's application for an award of attorneys' fees, reimbursement of costs and expenses and incentive award no later than AUGUST 7, 2017 (60 days from the date that the Notice is mailed to each member of the Class). Co-Lead Counsel or their designee shall monitor and record any and all objections that are received.

8. Co-Lead Counsel shall file with the Court a motion for final approval of the Settlement Agreement and the entry of Final Judgment no later than AUGUST 21, 2017 (14 days after the deadline for members of the Class to object to the Settlement and/or Co-Lead Counsel's application for an award of attorneys' fees, reimbursement of costs and expenses and incentive award to the Named Plaintiff.

9. Pursuant to the Class Action Fairness Act of 2005 ("CAFA") Defendants shall serve appropriate notice under CAFA within 10 days from the date Plaintiffs filed the Settlement Agreement with the Court.

10. The Court appoints Berdon Claims Administration LLC to serve as claims administrator and to assist Co-Lead Counsel in disseminating the Notice. All expenses incurred by the claims administrator must be reasonable, are subject to Court approval, and shall be payable solely from the Settlement Fund.

11. The Court appoints Berdon Claims Administration LLC to serve as Escrow Agent for the purpose of administering the escrow account holding the Settlement Fund. All expenses incurred by the Escrow Agent must be reasonable, are subject to Court approval, and shall be payable solely from the Settlement Fund. A copy of the Escrow Agreement executed by Berdon Claims Administration LLC and Co-Lead Counsel is annexed as Exhibit D to the Settlement Agreement.

## Final Fairness Hearing

12. A hearing on final approval (the "Fairness Hearing") shall be held before this Court at *10 AM* on *OCT 5*, 2017, at the United States District Court for the District of New Jersey, Martin Luther King Building & United States Courthouse, 50 Walnut Street, Newark, New Jersey, 07101. At the Fairness Hearing, the Court will consider, *inter alia:* (a) the fairness, reasonableness and adequacy of the Settlement and whether the Settlement should be finally approved; (b) whether the Court should approve the proposed Plan of Allocation of the Settlement Fund among Class Members; (c) whether the Court should approve awards of attorneys' fees and reimbursement of expenses to Class Counsel; (d) whether an incentive award should be awarded to the Named Plaintiff; and (e) whether entry of a Final Judgment and Order

- 4 -

terminating the litigation between Direct Purchaser Class Plaintiffs and Defendants should be entered. The Fairness Hearing may be rescheduled or continued. Co-Lead Counsel shall be responsible for communicating any such notice to the Class promptly upon receipt by the Court by posting a conspicuous notice on the following websites of Class Counsel: www.garwingerstein.com and www.bergermontague.com.

13. Class members who wish to: (a) object with respect to the proposed Settlement and/or Co-Lead Counsel's request for attorneys' fees, reimbursement of expenses and incentive award to the Named Plaintiff; and/or (b) wish to appear in person at the Fairness Hearing, must first send an Objection and, if intending to appear, a Notice of Intention to Appear, along with a Summary Statement outlining the position(s) to be asserted and the grounds therefore together with copies of any supporting papers or briefs, via first class mail, postage prepaid, to the Clerk of the United States District Court for the District of New Jersey, Martin Luther King Building & United States Courthouse, 50 Walnut Street, Newark, New Jersey, 07101, with copies to the following counsel:

*On behalf of Direct Purchaser Class Plaintiffs and the Class*:

Bruce E. Gerstein, Esq.
Garwin Gerstein & Fisher LLP
88 Pine St., 10th Floor
New York, New York 10005
Tel: 212-398-0055
www.garwingerstein.com

David F. Sorensen, Esq.
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: 215-875-3000
www.bergermontague.com

*On behalf of Defendants*:

John W. Nields, Jr.
Ashley Bass
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
Tel: (202) 662-5934
jnields@cov.com
abass@cov.com

J. Gordon Cooney, Jr.
Steven A. Reed
R. Brendan Fee
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: (215) 963-4806
gordon.cooney@morganlewis.com
steven.reed@morganlewis.com
brendan.fee@morganlewis.com

*Counsel for Defendant Merck & Co., Inc. (f/k/a Schering-Plough Corp.)*

Jaime M. Crowe
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
Tel: 202-626-3600
jcrowe@whitecase.com

*Counsel for Upsher-Smith Laboratories, Inc.*

To be valid, any such Objection and/or Notice of Intention to Appear and Summary statement must be postmarked no later than **AUGUST 7**, 2017 (60 days from the date that the Notice is mailed to each member of the Class). Except as herein provided, no person or entity shall be entitled to contest the terms of the proposed Settlement and/or Co-Lead Counsel's request for attorneys' fees, reimbursement of expenses and incentive award to the Named Plaintiff. All persons and entities who fail to file an Objection and/or Notice of Intention to Appear as well as a Summary Statement as provided above shall be deemed to have waived any such objections by appeal, collateral attack or otherwise and will not be heard at the Fairness Hearing.

14. All proceedings in the action between the Direct Purchaser Class Plaintiffs and Defendants are hereby stayed until such time as the Court renders a final decision regarding the

approval of the Settlement and, if the Court approves the Settlement, enters Final Judgment and dismisses such actions with prejudice.

15. Neither this Order, nor the Settlement Agreement, nor any other Settlement-related document, nor anything contained herein or therein or contemplated hereby or thereby, nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other Settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Defendants as to the validity of any claim that has been or could have been asserted by Direct Purchaser Class Plaintiffs against Defendants or as to any liability by Defendants, or the lack of merit of any of the claims or allegations of Direct Purchaser Class Plaintiffs.

SO ORDERED this 23 day of MAY, 2017

_____
The Honorable Stanley R. Chesler, Senior U.S.D.J.
Honorable Stanley R. Chesler,
United States District Court Judge